James C. Bray, Jacksonville, Fla., Henry W. Clar, Coral Gables, Fla., for plaintiff.

**In re PERFORMANCE LEASING, INC., a Florida corporation, Debtor.**

**ASSOCIATES COMMERCIAL CORP., a corporation, Plaintiff,**

v.

**PERFORMANCE LEASING, INC., Richard Naugle, Sr., Defendants.**

**Bankruptcy No. 82–02117–BKC–SMW. Adv. No. 83–0041–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 17, 1983.

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause having come on for trial on February 9, 1983, upon the adversary proceeding filed by ASSOCIATES COMMERCIAL CORP. (hereinafter ASSOCIATES) against the Debtor in Possession, PERFORMANCE LEASING, INC., (hereinafter PERFORMANCE), and RICHARD NAUGLE, SR., for modification of the automatic stay and adequate protection pursuant to 11 U.S.C. § 362 and part 7 of the Interim Bankruptcy Rules, and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Plaintiff, ASSOCIATES, seeks relief from the automatic stay in order to take possession of two pieces of equipment origi-

nally sold, pursuant to a conditional sale contract, to Richard C. Naugle, Jr. The property consists of a 1980 Huber Model M–850 Maintainer and a 1980 Ingersoll-Rand Model DA–30 Vibrating Roller. A third piece of equipment financed pursuant to this same contract, a 1980 Lee-Boy Model 900 T Self-propelled Asphalt Paver, was never in the possession of the Defendants herein. However, in July of 1982, while the contract was in default, the aforesaid two pieces of equipment were transferred to the Debtor corporation in exchange for an assumption of the debt.

The contract is in default and the balance owing is approximately Thirty-Nine Thousand Six Hundred Ninety and 21/100 ($39,-690.21) Dollars. The original monthly payment for the three pieces of equipment was Two Thousand Two Hundred Ninety-five ($2,295.00) Dollars per month. The two pieces of equipment which are in the Debtor's possession have a value of approximately Twenty-eight Thousand ($28,000.00) Dollars.

The Debtor, PERFORMANCE, is utilizing the two pieces of equipment which are under lease and derives an income therefrom. The Debtor testified that the property is necessary to the Debtor's reorganization based upon the income derived therefrom and the equity therein and the Court agrees. The debt would be liquidated in approximately two (2) years from the filing of the Plan of Reorganization herein and the useful life of the equipment is approximately eight to ten years.

By way of defense, the Defendant, Debtor in Possession, has offered protection payments of One Thousand Five Hundred ($1,500.00) Dollars per month until the confirmation of a Plan of Reorganization, upon which the contract would be assumed and the debt liquidated in approximately two (2) years.

Based upon the evidence presented, the Court finds that the property is necessary to the Debtor's reorganization and that the sum of Two Thousand ($2,000.00) Dollars per month would constitute adequate protection for the Plaintiff, ASSOCIATES, within the definition embodied in 11 U.S.C.

§ 361. The Complaint for Relief from the Automatic Stay and Possession of the Property should therefore be denied and the Debtor in Possession required to make monthly adequate protection payments of Two Thousand ($2,000.00) Dollars per month, as well as providing evidence of insurance on the property and allowing the Plaintiff its right of inspection pursuant to the contract.

A separate final judgment shall be entered in accordance with these Findings and Conclusions.